AO 245B  (Rev 12/03)  Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| | CASE NUMBER:  8:05-cr-70-T-23MAP |
| | USM NUMBER:  48055-018 |
| vs. | |
| | Defendant's Attorney:  Daniel J. Fernandez, ret |
| RAFAEL FRANCISCO PACHECO, JR. | |

THE DEFENDANT:

 X   pleaded guilty to counts one through six, and counts twelve through thirty-two.

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to Commit Bribery of a Public Official | June 18, 2001 | 1 |
| 18 U.S.C. §§ 201(b)(2)(A) (B) and (C) | Public Official Receiving and Accepting Bribes in Return for Being Influenced in the Performance of his Official Duties | November 27, 2000 | 2 - 6 |
| 18 U.S.C. § 1512(b)(3) | Knowingly Engaging in Misleading Conduct Toward Another Person, with the Intent to Hinder, Delay, or Prevent Communication to a Law Enforcement Officer of the United States Regarding the Commission of a Federal Offense | December 4, 2000 | 12 |
| 18 U.S.C. § 1956(h) | Conspiracy to Commit Money Laundering | June 18, 2001 | 13 |
| 18 U.S.C. § 1956(a)(1)(B)(i) and 2 | Money Laundering | November 30, 2000 | 14 - 23 |
| 18 U.S.C. § 1030(a)(2)(B) | Unlawfully Accessing Restricted Federal Computer Databases for Financial Gain and in Furtherance of Other Criminal Acts | June 13, 2001 | 24 - 29 |
| 18 U.S.C. §§ 1503(a), 1503(b)(3); and 18 U.S.C. § 2 | Obstruction of Justice | May 25, 2004 | 30 |
| 18 U.S.C. § 1001(a)(2) | False Statements | October 3, 2003 | 31 & 32 |

    The defendant is sentenced as provided in pages 2 through 6 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.
If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in economic circumstances.

Date of Imposition of Sentence: March 28, 2006

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

DATE: March 29th, 2006

AO 245B (Rev 12/03) Sheet 2 - Imprisonment

| | |
|---|---|
| Defendant: RAFAEL FRANCISCO PACHECO, JR. | Judgment - Page 2 of 6 |
| Case No.: 8:05-cr-70-T-23MAP | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **EIGHTY-SEVEN (87) MONTHS** as to counts two through six, twelve, thirteen through twenty-three, and thirty; and **SIXTY (60) MONTHS** as to counts one, twenty-four through twenty-nine, thirty-one and thirty-two; all such terms to run concurrently.

__X__ The court makes the following recommendations to the Bureau of Prisons: that the defendant be placed in FPC Pensacola, Florida

__X__ The defendant is remanded to the custody of the United States Marshal.
___ The defendant shall surrender to the United States Marshal for this district.

  ___ at ___ a.m./p.m. on ___.
  ___ as notified by the United States Marshal.

___ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

  ___ before 2 p.m. on ___.
  ___ as notified by the United States Marshal.
  ___ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

                _____
                United States Marshal

             By:_____
                Deputy Marshal

| | | |
|---|---|---|
| Defendant: | RAFAEL FRANCISCO PACHECO, JR. | Judgment - Page 3 of 6 |
| Case No.: | 8:05-cr-70-T-23MAP | |

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **THIRTY-SIX (36) MONTHS** as to counts one through six, and counts twelve through thirty-two; all such terms to run concurrently.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

While on supervised release, the defendant shall not commit another federal, state, or local crime, and shall not possess a firearm, ammunition, or destructive device as defined in 18 U.S.C. § 921.

__X__   The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. Based on the probation officer's determination that additional drug urinalysis is necessary, the Court authorizes random drug testing not to exceed 104 tests per year.

__X__   The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or a restitution it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Defendant:     RAFAEL FRANCISCO PACHECO, JR.                                    Judgment - Page 4 of 6
Case No.:      8:05-cr-70-T-23MAP

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

| | |
|---|---|
| X | The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, acquisitions or obligating himself for any major purchases without approval of the probation officer. |
| X | The defendant shall provide the probation officer access to any requested financial information. |
| X | The defendant shall cooperate with the Internal Revenue Service as to the filing of any tax returns due, and regarding all outstanding taxes, interest, and penalties relating to the offense of conviction. |

Defendant: RAFAEL FRANCISCO PACHECO, JR.  Judgment - Page 5 of 6
Case No.: 8:05-cr-70-T-23MAP

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | Assessment | Fine     | Total Restitution |
|--------|------------|----------|-------------------|
| Totals:| $2700.00   | $ waived | $                 |

__ The determination of restitution is deferred until ____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

__ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---------------|-----------------------|-------------------------------|-----------------------------------------|
|               |                       |                               |                                         |
| Totals:       | $                     | $                             |                                         |

_ Restitution amount ordered pursuant to plea agreement $ _____.

_ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

_ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

　　_ the interest requirement is waived for the __ fine __ restitution.

　　_ the interest requirement for the __ fine __ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for the offenses committed on or after September 13, 1994, but before April 23, 1996.

| | |
|---|---|
| Defendant: RAFAEL FRANCISCO PACHECO, JR. | Judgment - Page 6 of 6 |
| Case No.: 8:05-cr-70-T-23MAP | |

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A.    **X**    Lump sum payment of $ **2700.00** due immediately, balance due

        ___ not later than _____, or

        ___ in accordance ___ C, ___ D, ___ E or ___ F below; or

B.    ___    Payment to begin immediately (may be combined with ___ C, ___ D, or ___ F below); or

C.    ___    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ days (e.g., 30 or 60 days) after the date of this judgment; or

D.    ___    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____, (e.g., months or years) to commence _____ (e.g. 30 or 60 days) after release from imprisonment to a term of supervision; or

E.    ___    Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time, or

F.    ___    Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

___    Joint and Several

        Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

___    The defendant shall pay the cost of prosecution.

___    The defendant shall pay the following court cost(s):

**X**    The defendant shall forfeit the defendant's interest in the following property to the United States:

        Pursuant to the Forfeiture Money Judgment (Doc. 65), entered on January 24, 2005, attached.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                          Case No. 8:05-cr-70-T-23MAP

RAFAEL FRANCISCO PACHECO, JR.,

    Defendant.
_____

## FORFEITURE MONEY JUDGMENT

THIS CAUSE comes before the court upon the filing of the Motion of the United States of America for a Forfeiture Money Judgment, **which, at sentencing, shall be a final judgment of forfeiture as to defendant Rafael Francisco Pacheco, Jr.'s interest in property subject to forfeiture.**

The court, being fully advised in the premises, hereby finds that the government has established that the amount of proceeds from the conspiracy to commit bribery of a public official contrary to 18 U.S.C. § 201(b), in violation of 18 U.S.C. § 371; being a public official, corruptly demanding, seeking, receiving, and accepting bribes in return for being influenced in the performance of his official duties in violation of 18 U.S.C. §§ 201(b)(2)(A), (B) and (C); knowingly engaging in misleading conduct toward another person with intent to hinder, delay or prevent the communication of information to a law enforcement officer of the United States regarding the commission of a possible federal offense in violation of 18 U.S.C. § 1512(b)(3); conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h); money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i); unlawfully accessing restricted federal computer databases for

financial gain and in furtherance of other criminal acts, including bribery, in violation of 18 U.S.C. § 1030(a)(2)(B); and obstruction of justice in violation of 18 U.S.C. § 1503(a), to which the defendant pled guilty, was at least $17,400.00 in United States currency.

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED that the Motion of the United States is GRANTED.

It is further ORDERED that defendant Rafael Francisco Pacheco, Jr. is personally liable for a forfeiture money judgment in the amount of $17,400.00 in United States currency, pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), 18 U.S.C. §§ 982(a)(1) and (a)(2)(B), and Fed. R. Crim. P. Rule 32.2(b)(1).

IT IS FURTHER ORDERED that the United States may seek forfeiture of any of the defendant's property up to the value of the $17,400.00 money judgment as substitute assets in satisfaction of this judgment, pursuant to the provisions of 21 U.S.C. § 853(p), incorporated by 28 U.S.C. § 2461(c).

The court shall retain jurisdiction to enter any orders necessary for the forfeiture and disposition of any substitute assets, and to entertain any third party claims that may

be asserted in those proceedings.

DONE and ORDERED in Chambers in Tampa, Florida, this \_\_\_24th\_\_\_ day of \_\_\_January\_\_\_, 2006.

*[signature]*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

Copies to:
Adelaide G. Few, AUSA
Attorneys of Record

3